*Elliott, for appellant.*

*Hopkins, for appellee.*

---

J. HEARTLEY & CO. *v.* JOHN BAIRD ET AL.

**Assignment for Benefit of Creditors—Deed of Trust.**

The deed of trust made by defendant to one Baird, as trustee, for the use of his creditors, vested them with rights which did not depend on the trustee executing bond and taking the oath prescribed by law.

**Property Embraced in Deed.**

The original stock and also such new stock as may have been purchased with its proceeds was protected by said deed of trust.

APPEAL FROM JEFFERSON CIRCUIT COURT.    COMMON PLEAS.

December 19, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The deed of trust made by Miller to Baird as trustee for the use of his creditors, made October 15, 1866, vested the creditors of Miller with rights which did not depend on the proper subsequent proceedings of the trustee, therefore, whether he executed the bond and took the oath as prescribed by the act of March 2, 1860, Myer Sup. 533, is not important further than to evidence a fraudulent combination. The larger portion of the creditors, both as to number and amount, having agreed that Miller should still conduct the business, no unfavorable inference is manifested by the trustee assenting to it.

Apellants could either resort to their pro rata claim as to these goods, or they could resort to the trustee's bond if one was executed, as they did not consent to Miller's still conducting the business, else they could resort to their judgment at law and levy on such property of Miller as is not purchased with its proceeds.

Whilst such transactions are to be regarded with great jealousy, yet the evidence in this case exhibits no illegal purchase.

Wherefore, the judgment is affirmed.

*Bruce & Russell, for Appellant.*

*Bijur & Thompson, for Appellee.*